UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80619-ROSENBERG/REINHART

BANKERS STANDARD
INSURANCE COMPANY,

    Plaintiff,

v.

CAMERON THOMPSON, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT CAMERON THOMPSON'S MOTION TO DISMISS COMPLAINT

**THIS CAUSE** comes before the Court on Defendant Cameron Thompson's Motion to Dismiss Complaint for Declaratory Relief and Damages. DE 20. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 23], Defendant's Reply [DE 24], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is denied.

Plaintiff brought this action seeking a declaration that it has no duty to defend or indemnify Defendant Thompson in an underlying state lawsuit related to injuries that he allegedly caused Clayton Kelly, the son of Defendants Robert and Jana Kelly. DE 1. Although Defendant Thompson at first contends in his Motion to Dismiss that the Complaint "fails to state a cause of action on which relief can be granted," he then goes on to argue that this case presents no justiciable controversy. DE 20 at 1, 3. Because the requirement of an actual controversy is one of a court's subject matter jurisdiction, the Court construes the Motion to Dismiss as brought under Fed. R. Civ. P. 12(b)(1). *See Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

Defendant Thompson gives two reasons for dismissal of the Complaint, neither of which has merit. First, he points out that Plaintiff currently is defending him in the underlying lawsuit under a reservation of rights. *See* DE 1 at 9. He argues that, from that fact, it follows that Plaintiff must believe that it might have a duty defend because "[i]f the facts were so crystalized that a determination of coverage could easily be made, then it is unlikely that [Plaintiff] would be defending," and a duty to defend exists when there is any doubt about the duty to defend. DE 20 at 4. Proceeding under a reservation of rights, however, is not a concession of the duty to defend. *See AIX Specialty Ins. Co. v. Members Only Mgmt., LLC*, No. 18-60471, 2018 WL 5313882, *2 (S.D. Fla. Oct. 26, 2018) ("[I]t is common practice for insurance companies to defend its insured in a lawsuit under a reservation of rights. Proceeding under a reservation of rights, in and of itself, is not a concession of coverage."); *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1289 n.4 (S.D. Ala. 2016) ("The defendants have not explained (and the Court cannot) their odd position that an insurer with the power and the desire to cease providing a defense fails to present an actual controversy when it seeks a declaration that it owes no duty to defend.").

Second, Defendant Thompson asserts that resolving this lawsuit will "invade the province" of the state court in the underlying lawsuit because this Court will need to make factual determinations about the incident at issue in the underlying lawsuit. DE 20 at 5. It is incorrect that this Court will need to make factual determinations that invade the province of the state court. "Under Florida law, the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004); *see also Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n*, 721 F. App'x 847, 854 (11th Cir.

2017) ("Under Florida law, the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint.").

Defendant Thompson correctly points out that Plaintiff's duty to indemnify cannot be resolved unless and until he is held liable in the underlying lawsuit. *See Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("An insurers duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." (quotation marks omitted)). Therefore, should it be determined that Plaintiff has a duty to defend, the Court will not consider whether Plaintiff also has a duty to indemnify until final disposition of the underlying lawsuit. *See Evanston Ins. Co. v. Heeder*, 490 F. App'x 215, 217 (11th Cir. 2012) ("The duty to defend is broader than the duty to indemnify. Accordingly, where an insurer has no duty to defend, it has no duty to indemnify." (citation omitted)).

For the foregoing reasons, Defendant Thompson's Motion to Dismiss Complaint for Declaratory Relief and Damages [DE 20] is **DENIED**. Defendant Thompson shall file an Answer to the Complaint by **September 16, 2019**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of September, 2019.

*[signature: Robin L. Rosenberg]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record